No. 292
MADJOROUS v. STATE OF OHIO
Ohio Appeals, 9th Dist., Summit County
No. 871. Decided Jan. 14, 1924

327. COURTS—Court does not have inherent power to suspend indefinitely execution of sentence in criminal case.

661. INTOXICATING LIQUORS—Section 6212-17 GC. held constitutional as it does not provide for a remittance of a fine or a suspension of sentence.

PARDEE, J. Epitomized Opinion
Published Only in Ohio Law Abstract

Madjorous was indicted for manufacturing intoxicating liquor in violation of GC. 6212-15. Subsequently he was tried and convicted and sentenced to the State Penitentiary from one to five years and fined $500 and costs. The accused prosecuted error, claiming that 6212-17 GC. which provides, "No fine or part thereof imposed hereunder shall be remitted, nor shall any sentence imposed hereunder be suspended in whole or part thereof," is unconstitutional as an encroachment upon the powers of the judiciary. In affirming the judgment of the lower court, the Court of Appeals held:

1. In Ohio a trial court does not have inherent power in criminal cases to postpone indefinitely the execution of a sentence pronounced by such court; the power of such court, after sentence is imposed, to suspend execution thereof, is incidental to a review of the judgment and must be exercised within the limits and under the rules, regulations and methods provided by the general assembly.

2. Sec. 6212-17 GC. is not unconstitutional because it provides that no fine or part thereof imposed under the liquor laws shall be remitted, nor shall any sentence imposed under said laws be suspended in whole or in part; said section as amended withdraws from the trial courts authority to suspend execution of sentence pronounced for the violation of certain laws, and in so doing it does not deprive the court of any of its inherent powers.

Attorneys—Jonathan Taylor and Robert C. Ryder, for Madjorous; A. W. Doyle, A. C. Keeney, for State, all of Akron.

No. 293
YOUNGSTOWN RY. CO. v. DECAMP
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 5, 1923

452. EMPLOYER AND EMPLOYES—The relationship of employer and employe exists where the latter is being transported to his employment gratuitously as part of contract of employment—Where an employe is being so transported as part of employment contract, he is an employe and not a passenger.

FARR, J. Epitomized Opinion
Published Only in Ohio Law Abstract

DeCamp brought an action for personal injuries against The Youngstown Railway Company in the Common Pleas Court of Mahoning County. DeCamp was employed by the Street Car Company and was going to the company's carbarn to assume his duties as night foreman. In order for him to reach the carbarn it was necessary and customary for him to ride upon one of defendant's cars. The defendant had furnished him with a book of tickets in order that he might be carried to and from work as an incident of his contract. While DeCamp was alighting from the street car in front of the barn, the car suddenly started forward in such a manner as to throw him off and injure him. As the trial resulted in a verdict in favor of plaintiff, the defendant prosecuted error, claiming that it was immune from damages as DeCamp was acting in the course of his employment at the time he was injured and therefore was only entitled to compensation. In reversing the judgment of the lower court, the Court of Appeals held:

1. Where an employe as an incident of his employment is carried to and from the place of his labor, especially to his employment, by the employer, and from the time he enters a car, train or other vehicle for transporation to his place of service he is ordinarily in the course of his employment. Therefore, where his employer complies with the State Compensation Act the employer is not liable for damages and the only amount to which an injured employe is entitled is compensation.

2. Employes while being carried to and from their place of employment, as part of their contract of service, or as a privilege incidental thereto, there being no deduction from their wages for such transportation, is an employe of the company for which he is working and not a passenger.

Attorneys—Kennedy, Manchester, Conroy & Ford, for Railway Co.; Kenealy & Metcalf, and B. K. DeCamp, for DeCamp, all of Youngstown.